UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

VIRGINIA HUNTER, ET AL          CIVIL ACTION NO. 08-cv-0043

VERSUS                          JUDGE HICKS

ADAM M. SIRMANS, ET AL          MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

Virginia Hunter and Marlin Odom ("Plaintiffs") filed this suit in state court, seeking recovery for personal injuries associated with an automobile accident. Defendants removed the case based on diversity jurisdiction. Plaintiffs filed a Motion to Remand, which was denied, and a scheduling conference was held. The court issued a Scheduling Order that set the trial date and related deadlines.

About three months later, counsel for Plaintiffs filed a Motion to Withdraw as Counsel. Plaintiffs' attorney stated that he had provided the reasons for his withdrawal in a detailed letter that was hand delivered to Plaintiffs.

The court granted the Motion to Withdraw and permitted Plaintiffs until March 2, 2009 to either enroll new counsel or file with the court a written statement that they intend to represent themselves. The order warned that failure to take one of those steps by the deadline could result in the case being dismissed for failure to prosecute. A copy of the order was mailed to Plaintiffs at the addresses listed in the Motion to Withdraw, but the postal

service returned the mail marked attempted, not known - unable to forward. Docs. 40 and 41.

The court ordered former counsel to make diligent efforts to obtain a current address and telephone number for each Plaintiff. Doc. 42. Plaintiff filed a Response (Doc. 43) with updated contact information. The court issued an order on February 19, 2009 and directed that it be mailed to Plaintiffs at the new addresses provided by former counsel. Plaintiffs were directed to, immediately upon receipt of the order, write or call the Clerk of Court and confirm their current mailing address and telephone number. Plaintiffs were also strongly encouraged to retain new counsel. They were given a new deadline of March 18, 2009 to enroll new counsel or file a written statement that they intend to represent themselves. The order warned that failure to take either step by the deadline could result in the case being dismissed for failure to prosecute. Doc. 44.

The Clerk of Court mailed copies of that order to Plaintiffs at the new addresses provided by former counsel, and the postal service did not return the items. The March 18 deadline passed with no filing or communication from Plaintiffs. Two days after the deadline, Defendants filed a Motion to Dismiss (Doc. 47) for failure to prosecute. The court issued a Notice of Setting that permitted Plaintiffs 15 days to file any opposition. The copies of the notice that were mailed to Plaintiffs were not returned. Plaintiffs did not file any timely opposition.

The court has provided ample time and opportunity for Plaintiffs to secure new counsel or indicate an intent to proceed without counsel. Neither Plaintiff has even informed the court that he or she wants to proceed with the case. It is unlikely that a plaintiff who is unwilling to take such a simple step is interested enough in his or her case to comply with the more serious requirements of the scheduling order and litigation in general. Proceeding further with this action is impossible without the participation of Plaintiffs, and it would be a waste of time and resources for both the court and Defendants. Dismissal without prejudice for failure to prosecute is the best exercise of the court's discretion in these circumstances.

Accordingly,

**IT IS RECOMMENDED** that this civil action be **dismissed without prejudice** for failure to prosecute.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See <u>Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 8th day of April, 2009.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE